# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

W. E. SHABAZZ,

               Plaintiff,

   v.

               1:09-cv-1741-WSD

NICOLE D. MARCHAND,

               Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Nicole D. Marchand's ("Marchand") Motions under Federal Rules of Civil Procedure 12(b)(6) and 12(e) [8], Plaintiff W.E. Shabazz's ("Shabazz") Cross-Motion to Strike [16], Marchand's Motion to Allow Late Filed Response and Reply Briefs [25], and on Shabazz's Motion to Strike [26].

## I. BACKGROUND

On June 29, 2009, Shabazz, proceeding *pro se*, filed an action against Marchand, the Chief Assistant Solicitor-General for DeKalb County, Georgia, in her individual capacity, alleging violations of various Georgia statutes governing the confidentiality of and access to public documents, violations of ethical standards for public employees, and tort claims for invasion of privacy and

intentional infliction of emotional distress. Shabazz also alleges Marchand violated his rights under the due process clauses of the Georgia and United States constitutions and brings a claim under 42 U.S.C. Section 1983. Shabazz asks for damages of over twenty-two (22) million dollars.

Shabazz alleges that Marchand, acting "under cover of her authority as Chief Assistant Solicitor-General" accessed confidential information related to Shabazz's status as a probationer and improperly disclosed it to a third-party. Compl. ¶¶ 1, 11-15. Shabazz does not identify which records Marchand is alleged to have improperly accessed, to whom she allegedly disclosed those records, or when the alleged violations occurred. Shabazz also alleges that Marchand improperly disclosed his social security number, Comp. ¶ 16, and improperly denied Shabazz access to public records, Compl. ¶¶ 29-36.

On July 20, 2009, Marchand moved to dismiss this action under Rule 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e). Marchand also asserts a defense of qualified immunity.

On July 30, Shabazz moved to strike portions of Marchand's brief supporting her Rule 12 motions. The parties also filed cross-motions regarding two untimely briefs that Marchand filed.

## II. DISCUSSION

### A. <u>Motions regarding Defendant's late-filed briefs</u>

Before reaching the merits of Marchand's motions under Rule 12, the Court considers Marchand's motion regarding her late-filed briefs[1] and Shabazz's motion to strike these briefs as untimely[2]. The first brief at issue is Marchand's reply brief in support of her Rule 12 motion, which was due on August 10, 2009, but not filed until August 17. The second was Marchand's brief in response to another of Shabazz's motions to strike.[3] It was filed on August 17, also seven days late. The delays apparently were inadvertent. Because Shabazz's filings were served on defense counsel almost a week before they were filed with the Clerk, counsel used the filing date rather than the service date in calculating the time to respond. Thus, defense counsel calendared when the response was due but calculated the response deadline time from the wrong date. Counsel is expected to meet their obligation to accurately determine—and meet—filing deadlines. In the interests of justice, however, the Court will consider Marchand's late briefs, noting that Plaintiff was not prejudiced by the tardiness and because counsel made an effort to file timely responses but neglected to calculate the response deadlines accurately.

---

[1] Docket No. 25.
[2] Docket No. 26.
[3] Docket No. 16.

B. Plaintiff's motion to strike portions of Defendant's brief in support of her Rule 12 motion

Shabazz moves the Court, pursuant to Federal Rule of Civil Procedure 12(f) to strike portions of Marchand's brief in support of her Rule 12 motions. Plaintiff claims these paragraphs, which relate to his conviction for battery, are gratuitously offensive, are not relevant and are otherwise scandalous. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Shabazz's reliance on Rule 12(f) is misplaced because the rule applies to *pleadings*, not to motions or briefs filed in support of motions. See Lentz v. Hospitality Staffing Solutions, LLC, 2008 WL 269607, at *9 (N.D. Ga. Jan. 28, 2008) (noting that Federal Rule of Civil Procedure 12(f) permits the court to strike a pleading, not an affidavit attached to a motion for summary judgment); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); Sauls v. Bristol-Meyers Co., 462 F. Supp. 887, 888 n.1 (S.D.N.Y. 1978). See also Fed. R. Civ. P. 7 (distinguishing between pleadings and motions). While the Court often wishes parties would avoid the use of inappropriate, gratuitous rhetoric in submissions to the Court, the Court ignores inappropriate opinions and characterizations, and will ignore any made here. Shabazz's motion to strike is denied.

C.   Marchand's Rule 12 motions

Marchand next moves the Court, pursuant to Federal Rule 12(b)(6), to dismiss each of Shabazz's causes of action.  Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for dismissal of a complaint which fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's pleading.  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  A plaintiff must "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S.Ct. at 1965.  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true."  Id.  In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff.  See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

The Court considers in turn each of the Counts in the Complaint.

a.  **Count I: Violation of O.C.G.A § 42-8-106**

Shabazz alleges that Marchand improperly used her position in the Office of the Solicitor-General to access confidential information regarding Shabazz's probation and supervision and then forwarded that information to a third-party. Compl. at 6. Shabazz argues these acts violate O.C.G.A. Section 42-8-106, which designates as confidential information related to the supervision of probationers. Shabazz does not indicate when this alleged violation occurred, which records were improperly accessed, or to whom confidential information was improperly disclosed. Shabazz does allege that Marchand "stated to 'third party' in letter form that '*our probation office has informed me that* … ('PLAINTIFF') … *did successfully complete probation on 3/31/2004 and has attended all required courses'*." Compl. ¶ 17 (ellipses and italics in original). Shabazz seeks $2,500,000 in compensatory and punitive damages for these alleged violations. Marchand moves to dismiss Count I, arguing that money damages are not recoverable under O.C.G.A. Section 42-8-106 and noting that Shabazz has not requested any equitable relief.

O.C.G.A. Section 42-8-106 provides:

> All reports, files, records and papers of whatever kind relative to the
> supervision of probationers by a private corporation, enterprise, or
> agency contracting under the provisions of this article are declared to
> be confidential and shall be available only to the affected county,
> municipality, or consolidated government, the judge handling the
> particular case, the Department of Audits and Accounts, or the County
> and Municipal Probation Advisory Council.

O.C.G.A. § 42-8-106(a).  Section 42-8-40 of the Georgia Code, which Shabazz

does not cite but which potentially is more relevant, provides:

> All reports, files, records, and papers of whatever kind relative to the
> state-wide probation system are declared to be confidential and shall
> be available only to the probation system officials and to the judge
> handling a particular case.  They shall not be subject to the process of
> subpoena.  However, these records may be declassified by a majority
> vote of the board [of Corrections] whenever the board deems it
> advisable.

O.C.G.A. § 42-8-40.

Sections 41-8-106(a) and 41-8-40 "protect[] confidential probation records

from unfettered public inspection by subjecting the files to disclosure at the

direction and discretion of the Board of Corrections."  <u>Dean v. State</u>,  267 Ga. 306,

307 (Ga. 1996).  They do not provide, however, Shabazz with a private cause of

action against Marchand.  Section 42-8-106, the purported basis for Count I,

merely designates as confidential the records held by a *private* company engaged by the Department of Corrections in the supervision of probationers. Section 42-8-40 creates a statutory privilege that exempts probation records from subpoena process, although even that privilege yields in certain circumstances. See Dean, 267 Ga. at 307 (confidentiality of records must yield to an accused's constitutional right to information material to his defense). Neither statute provides a basis for a private cause of action against Marchand for money damages, and Count I is required to be dismissed.

### b. Count II: Violation of O.C.G.A. § 45-10-1

Shabazz alleges in Count II that Marchand violated the state ethics laws, codified at O.C.G.A. Section 45-10-1, that govern the conduct of public employees. Shabazz claims damages of $2,500,000, based on his ethics claim.

Violation of rules of professional conduct do not provide independent cause of action for damages. See, e.g., East River Savings Bank v. Steele, 169 Ga. App. 9 (1983). Count II is required to be dismissed.

### c. Count III: Violation O.C.G.A § 50-18-70

Count III of Shabazz's Complaint is brought under to the Open Records Act (the "Act"), O.C.G.A. Section 50-18-70. Shabazz states that on June 18, 2009, he traveled to Georgia to personally submit an Open Records Request to the Office of

the Solicitor-General of DeKalb County. Compl. at 5. It is not entirely clear from the complaint what records he requested, and it appears that Shabazz was seeking to determine what requests had *previously* been made under the Act for records regarding his probation and whether the Solicitor-General for DeKalb County had submitted a request for information about Plaintiff's probation. Id. at 5. Shabazz further alleges that Marchand was the official in control of the requested records and that Marchand willfully and maliciously failed to respond to Shabazz's request. Id. at 9. Shabazz claims that Marchand's failure to respond caused him irreparable injury, mental anguish and humiliation. Id. at 10. Shabazz seeks $2,500,000 in damages under this Count.

Marchand moves to dismiss Count III, arguing that the damages recoverable under the Act are limited to litigation costs and attorney fees associated with obtaining improperly withheld records and that the general damages Shabazz has claimed are unavailable. Marchand further argues that because Shabazz is not actually seeking public records in this action, only monetary damages for an alleged failure to produce them, no damages are available to him under the Act.

Marchand next argues that only Georgia citizens are entitled to request information under the Open Records Act. Because Shabazz is a citizen of New

York, Marchand claims Plaintiff is not entitled to inspect Georgia records and is not entitled to the damages that may be available to Georgia citizens.

The Open Records Act encourages public access to government information. See generally, Athens Observer Inc. v. Anderson, 245 Ga. 63 (1980). The Act provides:

> All public records of an agency as defined in subsection (a) of this Code section, except those which by order of a court of the state or by law are prohibited or specifically exempted from being open to inspection by the general public, shall be open for a personal inspection by any citizen of this state at a reasonable time and place; and those in charge of such records shall not refuse this privilege to any citizen.

O.C.G.A. 50-17-70(b). The Act further provides that:

> The individual in control of such public record or records shall have a reasonable amount of time to determine whether or not the record or records requested are subject to access under this article and to permit inspection and copying. In no event shall this time exceed three business days. Where responsive records exist but are not available within three business days of the request, a written description of such records, together with a timetable for their inspection and copying, shall be provided within the period. …

O.C.G.A. 50-17-70(f).

Accepting as true the facts alleged in the Complaint, as the Court must on a Rule 12 motion to dismiss, Shabazz was denied access to a public record covered by the Act and he did not receive any follow up, written or otherwise, from Marchand, who was in control of the requested record. Shabazz admits he is not a citizen of Georgia, but points to a 1993 opinion from the Georgia Attorney General which makes clear that records covered by the Act should be made available to nonresidents. 1993 Op. Att'y Gen. No. 93-27. Assuming for the sake of argument that Shabazz may seek records disclosure under the Act, Shabazz's claim against Marchand based on the Act is flawed.

The Act provides legal and equitable remedies to ensure compliance with its provisions, but it does not authorize compensatory or punitive damages, only an award of attorney fees and litigation expenses in actions to enforce the statute.[4] O.C.G.A. § 50-18-73(b); McBride v. Wetherington, 199 Ga. App. 7, 7 (1991). Count III of the Complaint seeks compensatory and punitive damages, relief not available under the Open Records Act. Count III is required to be dismissed.[5]

---

[4] Such damages are available if the court determines the violation was done without substantial justification.

[5] If Shabazz believes he was improperly denied access to a public record, he is free to file an action against the county requesting equitable relief in the form of access to the requested records. His claim is not against Marchand in her individual capacity.

### d. **Count IV: Violation of O.C.G.A. § 50-18-72**

Count IV of Shabazz's Complaint also is brought under the Open Records Act. Shabazz alleges that Marchand disseminated to an "unauthorized recipient" information that included his social security number, in violation of O.C.G.A. Section 50-18-72. Compl. at 10-11. Shabazz claims damages of $2,500,000 for this alleged violation.

Section 50-18-72 provides that social security numbers shall be redacted from records requested pursuant to the Act, O.C.G.A. § 50-18-72(a)(11.3)(A). This section further provides:

> Any person who obtains records or information pursuant to the provisions of this paragraph and knowingly and willfully discloses, distributes, or sells such records or information to an unauthorized recipient for an unauthorized purpose shall be guilty of a misdemeanor . . . .

O.C.G.A. § 50-18-72(a)(11.3)(C).

Marchand argues, and the Court agrees, that she is not an "authorized recipient" whose conduct is governed by Section 50-18-72(a)(11.3)(C). Marchand did not obtain records pursuant to the Open Records Act; rather, she was a custodian of records, a fact undisputed by Shabazz who was, after all, seeking records from Marchand under the Act. As discussed above, the Act does not

authorize compensatory or punitive damages, only an award of attorney fees and litigation expenses in actions brought to enforce the statute. O.C.G.A. § 50-18-73(b). Count IV seeks relief that is unavailable, and it too is required to be dismissed.

> e. **Counts V and VI: Invasion of privacy and intentional infliction of emotional distress**

Shabazz next asserts two tort claims against Marchand. The first for invasion of privacy related to Marchand's alleged disclosure of Shabazz's probation records to a "third-party" and the second for intentional infliction of emotional distress. For each of these alleged injuries, Shabazz claims damages in the amount of $2,500,000.

Marchand asserts the defense of qualified immunity.[6] A 1991 amendment to the Georgia Constitution provides that county employees, such as Marchand, "may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause

---

[6] Although Marchand treats Counts V and VI as subsumed by Shabazz's claim under 42 U.S.C. Section 1983, these Counts arguably present independent tort claims under Georgia law, and the Court analyzes them accordingly.

injury in the performance of their official functions." Ga. Const. of 1983, Art. I, § II, Par. IX (d).

"[P]ublic officials are immune from damages that result from their performance of discretionary functions, unless those functions were undertaken with malice or intent to cause injury." Phillips v. Walls, 242 Ga. App. 309, 311 (2000).[7] A discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed," whereas a ministerial act is "commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." Stone v. Taylor, 233 Ga. App. 886, 888(2) (1998).

A plaintiff must allege and prove *actual malice* to overcome a defense of official immunity. Merrow v. Hawkins, 266 Ga. 390, 391-92 (1996) (holding that implied malice is insufficient to overcome official immunity defense). Actual malice requires a deliberate intention to do wrong in the performance of official duties. Id.

---

[7] The Georgia Tort Claims Act, which provides that a state officer or employee who commits a tort while acting within the scope of his official duties is not subject to lawsuit or liability, does not apply because it specifically excludes county employees from its coverage. See O.C.G.A. § 50-21-22(5).

Shabazz alleges that Marchand improperly disclosed confidential information to a third-party, whom Shabazz does not indentify, Compl. ¶ 17, and that she improperly released information containing his social security number in response to a request made under the Open Records Act, Compl. ¶ 61. Taking these allegations as true, it is clear they arise from Marchand's discretionary actions, performed in the scope of her employment. It is undisputed that Marchand was responsible for the records that Shabazz alleges were improperly disclosed and to which he was improperly denied access. Compl. ¶ 6. Marchand was acting in her role as the Chief Assistant Solicitor-General when she responded (or failed to respond) to records requests. Shabazz has not alleged any facts indicating that Marchand acted with actual malice.

Marchand is entitled to official immunity from suit for the tort claims Shabazz presents in Counts VI and VII. These Counts are dismissed.

### f. **Count VII: Violation of the Georgia constitution**

Shabazz next alleges a violation of the due process clause of Georgia's constitution.

Marchand argues that there is no Georgia law equivalent of a 42 U.S.C. Section 1983 cause of action available to Shabazz for such an alleged violation and, accordingly, no money damages are available. Because Shabazz has not

requested equitable relief, she argues Count VII should be dismissed. The Court agrees.

      g. **Count VIII: Violation of the Due Process Clause of the United States Constitution**

Shabazz alleges also that Marchand violated his rights under the due process clause of the United States Constitution. This allegation is subsumed by Shabazz's Section 1983 claim in Count IX of his Complaint. Count VIII does not form a separate and independent cause of action against Marchand, and is required to be dismissed.

      h. **Count IX: 42 U.S.C. § 1983 claim**

Finally, Shabazz brings a claim under 42 U.S.C. Section 1983 for alleged "deprivation of rights secured by the confidentiality and privacy laws of the state of Georgia and the Due Process Clause of the Fourteenth Amendment of the United States Constitution." Compl. ¶ 93. Shabazz claims $2,500,000 for his alleged damages arising from this claim. Marchand moves to dismiss, again asserting a defense of qualified immunity.

The Eleventh Circuit has described the contours of qualified immunity as follows:

> The defense of qualified immunity completely protects government
> officials performing discretionary functions from suit in their

individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2515, 153 L.Ed. 2d 666 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed. 2d 396 (1982)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir.2002) (internal citation and quotation omitted).

Gonzales v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003).

"The Supreme Court has repeatedly stressed that qualified immunity is not simply a defense to liability, but an immunity from suit which 'is effectively lost if a case is erroneously permitted to go to trial.'" Jordan v. Doe, 38 F.3d 1559, 1563 (11th Cir. 1994) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985)). The Court should grant the defense of qualified immunity at the motion to dismiss stage if the complaint "fails to allege the violation of a clearly established constitutional right." Gonzales, 325 F.3d at 1233 (quoting Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir.1997)). The plaintiff bears the burden of showing that federal rights allegedly violated were clearly established. Mitchell, 472 U.S. at 528. Official conduct is generally accorded a presumption of legitimacy. Gonzales, 325 F.3d at 1235.

To state a valid Section 1983 claim, a plaintiff must do more than merely assert a violation of a right. Civil rights cases involving qualified immunity are subject to a heightened pleading requirement and the complaint must allege relevant facts with some specificity. Id. A complaint with vague and conclusory allegations should be dismissed. Id.

Count IX—alleging a "deprivation of rights secured by the confidentiality and privacy laws of the state of Georgia and the Due Process Clause of the Fourteenth Amendment of the United States Constitution"— asserts a violation of rights, but fails entirely to meet the heightened pleading requirement of a civil rights cases involving qualified immunity. Gonzales, 325 F.3d at 1235. Shabazz has failed to identify an established *federal* right that Marchand violated. The bases for his grievances with Marchand are alleged violations of *Georgia* statutes regarding access to public records. Despite dressing these claims in constitutional clothing, Shabazz has failed to assert a valid Section 1983 claim.[8] See Henry v. Purnell, 501 F.3d. 374, 378 n.3 (4th Cir. 2007) (absent a constitutional violation,

---

[8] Shabazz's complaint is utterly devoid of the specific facts necessary to state a valid Section 1983 claim against Marchand. Even if a federal right were implicated by Shabazz's complaint—and it does not appear that one is—Shabazz fails to identify what records he alleges Marchand disclosed, to whom they were disclosed, and when they were disclosed. In addition, Marchand argues that without this critical information, she has no way of knowing whether she may assert a statute of limitations defense.

defendant prevails, not because of qualified immunity, but because plaintiff did not prove an essential element of a Section 1983 claim).

Even if Shabazz had identified a federal right at issue, Marchand would be entitled to qualified immunity.  To receive qualified immunity, an official must prove he was acting within his discretionary authority.  Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002).  "A government official can show he acted within the scope of his discretionary authority by showing 'objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.'"  Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988) (quoting Barker v. Norman, 651 F.2d 1107, 1121 (5th Cir. 1981)).  Discretionary authority includes *all* actions of government officials that (1) were undertaken pursuant to the performance of their duties, and (2) were within the scope of their authority. Jordan, 38 F.3d at 1566.

As discussed *supra*, it is undisputed that Marchand was responsible for the records that Shabazz alleges were improperly disclosed and to which he was improperly denied access.  Compl. ¶ 6.  Taking Shabazz's allegations as true for purposes of a motion to dismiss, it is evident that Marchand was acting in her role

as the Chief Assistant Solicitor-General and performing a discretionary function when she performed the actions giving rise to Shabazz's claim.

Shabazz's conclusory statements that Marchand acted outside the scope of her authority are insufficient. Shabazz has alleged no facts that indicate Marchand's actions were ministerial or outside the scope of her employment and therefore does not defeat Marchand's immunity defense.

The Court finds that Shabazz has failed to state a valid Section 1983 claim and that, even if he were able to, Marchand is entitled to qualified immunity. Count IX is accordingly dismissed.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Nicole D. Marchand's Motion to Allow Late Filed Response and Reply Briefs [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff W.E. Shabazz's Motion to Strike [26] is **DENIED**.

**IT IS FUTHER ORDERED** that Plaintiff's Cross-Motion to Strike [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions under Federal Rule of Civil Procedure 12(b)(6) and 12(e) [8] are **GRANTED** and that all Counts of this action are **DISMISSED WITH PREJUDICE**.

      **SO ORDERED** this 29th day of September, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE